UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

WEBROOT, INC. and OPEN TEXT INC

    Plaintiffs,

v.

TREND MICRO, INC.

    Defendant.

No. 6:22-cv-239-ADA-DTG

JURY TRIAL DEMANDED

---

TREND MICRO, INC.,

    Counterclaim-Plaintiff,

v.

WEBROOT, INC., OPEN TEXT INC. and
OPEN TEXT CORPORATION,

    Counterclaim-Defendants.

**PLAINTIFFS' AND OPEN TEXT CORPORATION'S
ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Plaintiffs Open Text, Inc. ("OTI") and Webroot, Inc. ("Webroot") (collectively "Plaintiffs") and Open Text Corporation ("OTC") (together, "Counterclaim Defendants") state the following as their Answer to the Counterclaims of Defendant Trend Micro, Inc. ("Trend Micro" or "Defendant"), filed May 16, 2022. Each paragraph of the Answer below responds to the corresponding numbered or lettered paragraph of the Counterclaims. All allegations not expressly admitted herein are denied.

Plaintiffs and OTC also expressly deny, and reserve the right to challenge, that OTC is a proper party or is properly joined pursuant to Rules 13 and 20(a) of the Federal Rules of Civil Procedure.

1

## TREND MICRO'S COUNTERCLAIMS

1. Not an allegation; no response needed; to the extent a response is required, Plaintiffs and OTC deny that Open Text Corporation is a proper party or is properly joined pursuant to Rules 13 and 20(a) of the Federal Rules of Civil Procedure.

## NATURE OF THE ACTION

2. Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph. On at least that basis, denied. Plaintiffs and OTC also expressly deny that U.S. Patent Nos. 8,838,992 and 8,051,487 include "innovate inventions."

3. Not an allegation; no response needed; to the extent a response is required, denied.

## PARTIES

4. Plaintiffs and OTC admit that Trend Micro, Inc. has a principal place of business at 225 East John Carpenter Freeway, Suite 1500 Irving, Texas 75062 and lack sufficient knowledge to form a belief regarding the truth of the remaining allegations in this paragraph.

5. Plaintiffs and OTC admit that Webroot is a corporation organized and existing under the laws of Delaware with an office at 385 Interlocken Crescent Suite 800 Broomfield, CO 80021, and deny the remainder of this allegation.

6. Plaintiffs and OTC admit that OTI is a corporation organized and existing under the laws of Delaware with business offices in Texas, in this district and at Suites 301&302, 2440 Sand Hill Road, Menlo Park, CA 94025, and deny the remainder of this allegation.

7. Plaintiffs and OTC admit that OTC is a corporation organized and existing under the laws of Ontario, Canada with an office at 275 Frank Tompa Dr. Waterloo ON, N2L 0A1, and deny the remainder of this allegation.

## JURISDICTION AND VENUE

8. Plaintiffs and OTC admit that Trend Micro alleges its counterclaims arise under Title 35 of the United States Code and deny the remainder of this paragraph.

9. Plaintiffs and OTC admit that this Court has specific personal jurisdiction over Open Text Inc. and Webroot as to the claims raised in Plaintiffs' complaint and deny the remainder of this allegation.

10. Denied. As indicated in the affirmative defenses, this Court lacks general jurisdiction over Open Text Corporation, and also lacks specific jurisdiction over Open Text Corporation regarding the counterclaims asserted by Counterclaim Plaintiffs.

11. Denied.

12. Denied.

13. Plaintiffs and OTC admit that Open Text, Inc. has an Austin office that includes employees in engineering, customer support legal and compliance teams, IT, and corporate development, and that this office hosts a data center, and deny the remainder of the allegation

14. Denied.

15. Plaintiffs and OTC state that the document accessible through the hyperlink provided states, *inter alia*, that "By Accepting a Quotation or Statement of Work for Professional Services from Open Text Corporation or One of its Affiliates ("OT") that references this professional services agreement …" and denies the remaining allegations of this paragraph.

16. Plaintiffs and OTC admit that Webroot and Open Text, Inc. filed a complaint for patent infringement in this district and deny any remaining allegations in this paragraph.

17. Plaintiffs and OTC admit that OTC is a foreign corporation and, to the extent a response is required for the remaining allegations, deny the remaining allegations of this

paragraph.

## ACCUSED PRODUCTS

18. Denied.

19. Denied.

20. Plaintiffs and OTC admit that the screenshot appears to be from the OpenText Security and Protection Cloud product webpage. Plaintiffs and OTC deny the remaining allegations in this paragraph.

21. Denied.

22. Denied.

23. Denied.

24. Plaintiffs and OTC admit that this allegation appears to include screenshot from the web sites www.brightcloud.com and security.opentext.com and deny the remainder of the allegations in this paragraph.

25. Denied.

26. Plaintiffs and OTC admit that this paragraph purports to define a set of Webroot Accused Products and a set of Open Text Accused Products as "the Accused Products," and deny the remainder of this paragraph, including any implication by using the term "accused" that the identified products infringe any of the asserted patents.

## COUNTERCLAIM ONE
## (INFRINGEMENT OF U.S. PATENT NO. 8,838,992)

27. Plaintiffs and OTC repeat their Answers set forth in the foregoing paragraphs for each of the allegations realleged in this paragraph.

28. Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the remaining allegations in this paragraph, and on that basis deny them.

29. Denied.

30. Denied.

31. Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the remaining allegations in this paragraph, and on that basis deny them.

32. Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the remaining allegations in this paragraph, and on that basis deny them.

33. Plaintiffs admit that claim 1 of the '992 patent appears to be copied in this paragraph. Otherwise, denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Not an allegation; no response needed; to the extent a response is required, Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the statements in this paragraph, and on that basis deny them.

47. Plaintiffs and OTC admit that Open Text, Inc. and Webroot, Inc. received a copy of Trend Micro's Answer and Counterclaims, and that these counterclaims identify the '992 Patent, and otherwise deny the allegations in this paragraph.

48. Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and on that basis deny them.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Not an allegation; no response needed; to the extent a response is required, Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the statements in this paragraph. and on that basis deny them.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

**COUNTERCLAIM TWO**
**(INFRINGEMENT OF U.S. PATENT NO. 8,051,487)**

59. Plaintiffs and OTC repeat their Answers set forth in the foregoing paragraphs for each of the allegations realleged in this paragraph.

60. Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the remaining allegations in this paragraph, and on that basis deny them.

61. Denied.

62. Denied.

63. Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the remaining allegations in this paragraph, and on that basis deny them.

64. Plaintiffs and OTC admit that this allegation appears to quote claim 1 of the '487 Patent and otherwise deny any remaining allegations in this paragraph.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Plaintiffs and OTC admit that Open Text, Inc. and Webroot, Inc. received a copy of Trend Micro's Answer and Counterclaims and that these counterclaims identify the '487 patent and otherwise deny the allegations in this paragraph.

76. Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the remaining allegations in this paragraph, and on that basis deny them.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Plaintiffs and OTC deny that Open Text infringes the '487 Patent and lack sufficient knowledge to form a belief regarding the truth of the remaining allegations in this paragraph, and on that basis deny them.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

## PRAYER FOR RELIEF

Plaintiffs and OTC deny that Trend Micro is entitled to any relief, including that requested in its "Prayer for Relief."

## JURY DEMAND

This paragraph makes a jury demand and thus requires no response.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that Plaintiffs and OTC bear the burden of proof as to any of them and reserving the right to amend their answer as additional information becomes available, Plaintiffs and OTC plead the following defenses:

### FIRST DEFENSE
### (Non-Infringement)

Plaintiffs and OTC have not engaged in any acts that would constitute willful, direct or indirect infringement of any valid claim of either of the '992 Patent or the '487 Patent (collectively, the "Counterclaim Patents") either literally or under the doctrine of equivalents.

## SECOND DEFENSE
## (Invalidity)

The Counterclaim Patents are invalid because they do not satisfy the requirements of 35 U.S.C. § 100, *et seq*., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

## THIRD DEFENSE
## (Prosecution History Estoppel/Prosecution Disclaimer)

Trend Micro's claims are barred in whole or in part by the doctrines of prosecution history estoppel and/or prosecution disclaimer.

## FOURTH DEFENSE
## (Ensnarement)

Trend Micro's claims are barred or limited by the doctrine of ensnarement.

## FIFTH DEFENSE
## (Limitation on Damages)

Trend Micro's right to seek damages, if any, is limited by 35 U.S.C. §§ 286, 287 and 288.

## SIXTH DEFENSE
## (Territoriality)

To the extent Trend Micro's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 *et seq*. including but not limited to § 271(a) and (c).

## SEVENTH DEFENSE
## (Failure to State a Claim)

Trend Micro has failed to state a claim upon which relief can be granted.

## EIGHTH DEFENSE
## (Double Patenting)

One or more of the asserted claims is invalid under the doctrine of statutory double patenting or the judicially-created doctrine of obviousness-type double patenting.

## NINTH DEFENSE
### (Lack of Standing)

To the extent Trend Micro lacks all substantive right to bring suit and to exclude others from practicing the claims of one or more of the Counterclaim Patents, Trend Micro's claims are barred by a lack of standing.

## TENTH DEFENSE
### (Judicial Estoppel)

Trend Micro's patent infringement claims are barred, in whole or in part, based on judicial estoppel. The asserted claims of the Counterclaim Patents are invalid or unenforceable, and Plaintiffs and OTC have not infringed, and are not infringing, the asserted claims of the Counterclaim Patents at least due in part to statements, representation, admissions, elections, positions, concessions, and filings made by Trend Micro in prior judicial or administrative proceedings.

## ELEVENTH DEFENSE
### (Res Judicata and/or Collateral Estoppel)

Trend Micro's claims, and issues relating to those claims, are barred, in whole or in part, as a result of adjudications on the merits of other judicial or administrative proceedings involving the Counterclaim Patents.

## TWELFTH DEFENSE
### (Consent, Waiver, Unclean Hands, Laches or Equitable Estoppel)

Trend Micro's claims are barred, in whole or in part, by consent or under the doctrines of waiver, unclean hands, laches and/or equitable estoppel.

## THIRTEENTH DEFENSE
### (License and/or Patent Exhaustion)

Trend Micro's patent infringement claims are barred, in whole or in part, under the doctrines of express license, implied license, and/or patent exhaustion.

## FOURTEENTH DEFENSE
### (Government Sales/Remedy by Action Against the United States)

Trend Micro's remedies are limited by 28 U.S.C. § 1498(a).

## FIFTEENTH DEFENSE
### (No Irreparable Harm)

Trend Micro is not entitled to any form of injunctive relief because it has not suffered and will not suffer irreparable harm due to Plaintiff's alleged infringement and because Trend Micro has an adequate remedy at law.

## SIXTEENTH DEFENSE
### (Disclosure Dedication Defense)

By reason of proceedings in the United States Patent & Trademark Office, and by reasons of amendments, statements, admissions, omissions and/or representations made by the applicants or on their behalf, Trend Micro is estopped from asserting infringement of the Counterclaim Patents against Plaintiffs and OTC.

## SEVENTEENTH DEFENSE
### (Misjoinder of Parties)

OTC is misjoined in this action, including at least under Rules 18, 19, 20, and 21. For example, OTC is not a party to the original Complaint.

## EIGHTEENTH DEFENSE
### (Lack of Personal Jurisdiction)

This Court lacks personal jurisdiction over OTC with respect to each of the counterclaims for patent infringement asserted by Trend Micro. This court lacks general jurisdiction over OTC and also lacks specific jurisdiction over OTC with respect to any of Trend Micro's counterclaims.

## RESERVATION OF DEFENSES

Plaintiffs and OTC reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and future factual investigation.

## PLAINTIFFS AND OTC'S COUNTERCLAIMS

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Plaintiffs and OTC hereby allege and assert the following counterclaims against Trend Micro:

1. Plaintiffs realleges and incorporates by reference the allegations set forth in its Complaint (ECF No. 1).

## THE PARTIES

2. Webroot is a registered business in Texas with multiple customers in this District. Webroot also partners with several entities in this District to resell, distribute, install, and consult.

3. OpenText Inc. is a Delaware corporation and maintains three business offices in the state of Texas, two of which are located in this District.

4. Open Text Corp. is a Canadian corporation with its principal place of business at 275 Frank Tompa Drive, Waterloo, Ontario, Canada.

5. Trend Micro, Inc. ("Trend Micro") is a Texas corporation with its corporate headquarters and principal place of business at 225 E John Carpenter Fwy Ste 1500, Irving, Texas, 75062. Trend Micro maintains an additional Texas office at 11305 Alterra Pkwy, Austin, Texas 78758. Trend Micro is registered with the Secretary of State to conduct business in Texas.

## JURISDICTION AND VENUE

6. Plaintiffs' and OTC's counterclaims arise under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

7. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

8. Trend Micro has consented to personal jurisdiction of this Court at least by commencing its action against Plaintiffs in this Court.

9. The Court also has personal jurisdiction over Trend Micro at least because it regularly conducts business in the State of Texas and in this District, including maintaining an office in this District.

10. Venue is proper in this District as to these Counterclaims against Trend Micro pursuant to 28 U.S.C. §§ 1391(a)-(c), and 1400(b) at least because Trend Micro has consented to the venue of this Court by filing its Complaint here.

## COUNTERCLAIM I
## (DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 8,838,992)

11. Plaintiffs and OTC have not infringed and do not infringe any valid and enforceable claim of the '992 Patent, directly or indirectly, either literally or by application of the doctrine of equivalents. For example, the Accused Products, alone or in combination, do not meet each and every limitation of claim 1 of the '992 Patent.

12. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

13. A judicial declaration is necessary and appropriate so that Plaintiffs and OTC may ascertain their rights regarding the '992 Patent.

14. Plaintiffs and OTC are entitled to a declaratory judgment that they do not infringe and have not infringed, either directly or indirectly, any valid and enforceable claim of the '992 Patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM II
### (DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,838,992)

15. Plaintiffs and OTC repeat and re-allege Paragraphs 1-15 as if fully set forth herein.

16. The claims of the '992 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

17. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

18. A judicial declaration is necessary and appropriate so that Plaintiffs and OTC may ascertain its rights regarding the '992 Patent.

## COUNTERCLAIM III
### (DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 8,051,487)

19. Plaintiffs and OTC repeat and re-allege Paragraphs 1-18 as if fully set forth herein.

20. Plaintiffs and OTC have not infringed and do not infringe any valid and enforceable claim of the '487 Patent, directly or indirectly, either literally or by application of the doctrine of equivalents. For example, the Accused Products, alone or in combination, do not meet each and every limitation of claim 1 of the '487 Patent.

21. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

22. A judicial declaration is necessary and appropriate so that Plaintiffs and OTC may ascertain their rights regarding the '487 Patent.

23. Plaintiffs and OTC are entitled to a declaratory judgment that they do not infringe and have not infringed, either directly or indirectly, any valid and enforceable claim of the '487 Patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM IV
## (DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,051,487)

24. Plaintiffs and OTC repeat and re-allege Paragraphs 1-23 as if fully set forth herein.

25. The claims of the '487 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

26. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

27. A judicial declaration is necessary and appropriate so that Plaintiffs and OTC may ascertain its rights regarding the '487 Patent.

DATED: July 21, 2022

By: */s/ Jeffrey D. Mills*
Jeffrey D. Mills
Texas Bar No. 24034203
KING & SPALDING LLP
500 West Second St.
Suite 1800
Austin, Texas 78701

Telephone: (512) 457-2027
Facsimile: (512) 457-2100
jmills@kslaw.com

Steve Sprinkle
Texas Bar No. 00794962
SPRINKLE IP LAW GROUP, P.C.
1301 W. 25th Street, Suite 408
Austin, Texas 78705
TEL: 512-637-9220
ssprinkle@sprinklelaw.com

Christopher C. Campbell
Patrick M. Lafferty
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006
Telephone: (202) 626-5578
Facsimile: (202) 626-3737
ccampbell@kslaw.com
plafferty@kslaw.com

Britton F. Davis
Brian Eutermoser
KING & SPALDING LLP
1401 Lawrence Street
Suite 1900.
Denver, CO 80202
Telephone: (720) 535-2300
Facsimile: (720) 535-2400
bfdavis@kslaw.com
beutermoser@kslaw.com

*Attorneys for Open Text, Inc., Open Text Corp. and Webroot, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record as being served with a copy of the foregoing document via the court's CM/ECF system on July 21, 2022.

*/s/ Jeffrey D. Mills*
Jeffrey D. Mills

16